**W. L. Krone, Appellee, v. Chicago National Life Insurance Company, Appellant.**

Opinion filed June 5, 1929.

LANNES P. OAKES and LEE D. MATHIAS, for appellant.

H. A. Evans, for appellee.

Mr. Justice Newhall delivered the opinion of the court.

Appellee sued appellant in the court below upon the common counts to recover $112.72 as per bill of particulars filed, in which certain items were listed for charges for telegrams, telephone calls, office rent, stationery, etc. The general issue was filed by appellant, and, after a hearing before a jury, a verdict was rendered for the amount of appellee's claim.

Appellant contends that the controversy grew out of a contract between appellee and a man by the name of Singer, under date of November 21, 1927. By the terms of this contract, appellee, as president of the Great Northern Mutual Union, sold to Singer the books, records, applications, and certain membership lists of said company for a consideration of $3,000, to be paid upon the assignment of said instruments. The contract further provided that appellee contracted and agreed that he would assist the buyer, or any of the assignees of the buyer, in soliciting and in selling insurance to the members of the Great Northern Mutual Union.

J. O. Laugman, witness for appellant, testified that he was employed by the Illinois National Underwriters Company, and was sent to Metropolis, Illinois, the home office of the Great Northern Mutual Union, to go over the list of names of the policyholders of the latter company for the purpose of securing applications for insurance in the Chicago National Life Insurance Company, the appellant; that the policies, when issued by appellant, were forwarded to the witness for delivery to the respective persons applying for them; that the authority of the witness was limited to that of a special agent of appellant for the purpose of delivering policies; that appellee knew that the witness was employed by the Illinois National Underwriters Company.

Attorneys for appellant contended on the trial that whatever charges or claims appellee had were chargeable against either the witness, Laugman, personally, or were items that should be chargeable against the Illinois National Underwriters Company, and that appellant was not responsible therefor.

Appellee contended and offered evidence on the trial tending to show that the charges made did not grow out of the work between appellee and Singer, and that Laugman was acting as agent for appellant.

The proof in the record as to the liability of appellant is close and conflicting, and the proof of the alleged agency of Laugman is based to a large extent upon his declarations as testified to by appellee.

Appellant contends that the judgment of the court below was not sustained by the evidence; that Laugman was not authorized by appellant to contract any liability on its behalf to pay the alleged demands of appellee. Appellant further contends that the trial court erred in not granting appellant a new trial, on the ground that counsel for appellee, by unwarranted and abusive argument, prejudiced the minds of the jury so as to prevent them from giving a fair and impartial consideration of the evidence in the case.

The record, with reference to the alleged prejudicial argument of counsel and the attitude of counsel after being admonished by the court, is as follows:

"All these parties connected with the purchase and transfer of the list of policyholders and business of the Great Northern Mutual Union from Mr. Krone were acting together and the act of any one of them was the act of all, and there was not a thing done by any of these parties or corporations but what it was just as much the act of one as it was of the other and as much for the benefit of one as it was the other, and I don't care what they say or what they swear.

"Mr. Oakes: There is no proof of that.

"Plaintiff's counsel (continuing): Talk about there being no proof of that! Why, there is enough evidence here to convict Jesus Christ himself. They all had the same men for officers, occupied the same building to do their crooked business in, and everything this witness, Laugman, and the man, B. William Singer, did down here from the very beginning was done by them as agents and representatives of all these corporations, just as much for the benefit of one as it was for the other, just as much for the benefit and with the authority of the Chicago National Life Insurance Company and the United States General Agency Company as it was for the Illinois National Underwriters Company, and Mr. Oakes (meaning defendant's counsel) knows it; and the defendant and the defendant's witness, J. O. Laugman, were tied up together with this man, B. William Singer, the purchaser of the Great Northern Mutual Union and his assignee, United States General Agency Company, and the whole bunch was a set of Chicago crooked Jews that would do and swear anything.

"To which argument defendant, by its counsel, then and there objected.

"And the Court thereupon sustained the objection by admonishing plaintiff's counsel to confine his remarks to a proper discussion of the evidence and not to get outside the record.

"Whereupon, plaintiff's counsel replied, 'Well, it is the truth, just the same.'

"And again the Court admonished counsel and directed him to refrain from such further arguments and remarks."

Counsel for appellee, in their brief, seek to justify their conduct and refusal to abide by the court's ruling and admonition by saying that there was no evidence in the record that was believable on the part of appellant. Careful examination of the record does not

justify counsel's conclusion or excuse for resorting to unfair methods in obtaining a verdict.

In the case of *Panteles v. Arsht,* 227 Ill. App. 488, this court held, in reference to a somewhat similar line of prejudicial argument, as follows:

"By no stretch of the imagination can such language be classed as argument. It could not, in any way, assist the jury in reaching a just and proper verdict and should never be uttered in a court of justice. It was highly calculated to poison and prejudice the minds of those whose duty it was to decide the case according to the law and the evidence. The fact that the court sustained an objection thereto did not destroy its pernicious effect. Counsel and litigants should understand that verdicts so obtained are worthless. In the very recent case of *Eshelman v. Rawalt,* 298 Ill. 192, the Supreme Court reversed the judgment because of improper remarks and conduct of counsel for appellee even though the trial court had sustained objections thereto."

We are of the opinion that appellee's argument after adverse rulings and admonition by the court was extremely prejudicial to the rights of appellant, and that the same was reversible error in view of the fact that the evidence as to the liability of appellant was close and conflicting.

Accordingly, the judgment of the court below is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*